# EXHIBIT C

Outlook

## OSD/JS FOIA 26-F-0130 Interim Response

**From** WHS MC ALEX ESD Mailbox OSD JS FOIA Requester Service Center [redacted]

**Date** Thu 12/4/2025 8:40 AM

**To** Daniel McFadden <DmcFadden@aclum.org>

**Cc** Harper, Madalyn J CIV WHS ESD (USA) [redacted]; Ernest Johnson, Ann J CIV WHS ESD (USA) [redacted]; Jordan, Jessica R CTR WHS ESD (USA) [redacted]

2 attachments (815 KB)

26 F 0130 Request Description.pdf; 26 F 0130 Interim.pdf;

Good morning McFadden,

Please find the interim response attached for your FOIA Request that was requested on October 22,2025. The case number for this request is 26-F-0130, please refer to this number and the action officer mentioned in the interim response in any future correspondence regarding this case.

V/r,

Jessica Jordan
FOIA Analyst
Freedom of Information Division
OSD / JS FOIA Office
[redacted]

**DEPARTMENT OF DEFENSE**
**OFFICE OF THE SECRETARY OF DEFENSE/JOINT STAFF**
**FREEDOM OF INFORMATION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

Ref: 26-F-0130
December 3, 2025

Mr. Daniel McFadden
ACLU
One Center Plaza
Suite 850
Boston, MA 02108

Dear Mr. McFadden:

This is an interim response to your October 22, 2025 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience. The Office of the Secretary of Defense/Joint Staff (OSD/JS) FOIA Requester Service Center received your request on October 22, 2025, and assigned it FOIA case number 26-F-0130. We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request. The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records. At least one, if not more of these scenarios applies or would likely apply to your request. While this office handles FOIA requests for OSD, JS, and other component offices, we do not actually hold their records and our office is not geographically located with these organizations. As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received. Our current administrative workload is approximately 3,838 open requests.

If you have requested a fee waiver, please note that decisions to waive or reduce fees are made on a case-by-case basis, and we will make a determination concerning your fee waiver request at the conclusion of the search and assessment of responsive records, should they exist. However, this office will only assess fees if we provide the final response to your FOIA request within the statutory time allotted by the FOIA or if the responsive records total more than 5,000 pages, even after a good faith effort on our part to limit the scope of your request.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests. If you wish to narrow the scope of your request or have questions about the foregoing, please do not hesitate to contact your Action Officer, Katelyn Brennan, at [redacted] or [redacted]. Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Virginia Burke, by email at osd.mc-alex.oatsd-pclt.mbx.foia-liaison@mail.mil or by phone at 571-372-0462. You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration. The contact information for OGIS is as follows:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road-OGIS
College Park, MD 20740
E-mail: ogis@nara.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

We regret the delay in responding to your request and appreciate your patience. As previously stated, please contact the Action Officer assigned to your request, Katelyn Brennan, and reference FOIA case number 26-F-0130, if you have any questions or concerns.

Sincerely,

Madalyn Harper
for
Pamela Andrews
Chief, FOIA

Enclosure:
As stated

FOIA Request 2467456

26-F-0130
October 23, 2025

The following list contains the entire submission submitted October 22, 2025 02:30:18pm ET, and is formatted for ease of viewing and printing.

## Contact information

| | |
|---|---|
| **First name** | Daniel |
| **Last name** | McFadden |
| **Country** | United States |
| **Phone** | 617-482-3170 x171 |
| **Company/Organization** | ACLU of Massachusetts |
| **Email** | dmcfadden@aclum.org |

## Request

| | |
|---|---|
| **Request ID** | 2467456 |
| **Confirmation ID** | 2470836 |
| **Request description** | Please see attached request. |

## Supporting documentation

| | |
|---|---|
| **Additional Information** | Military IJs FOIA 10 22 25.pdf |

## Fees

| | |
|---|---|
| **Request category ID** | media |
| **Fee waiver** | yes |
| **Explanation** | Please see attached request. |
| **Willing to pay** | $25 |

## Expedited processing

| | |
|---|---|
| **Expedited Processing** | no |

ACLU
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Massachusetts

Daniel L. McFadden
Managing Attorney
(617) 482-3170 ext. 171
dmcfadden@aclum.org

October 22, 2025

**Via Electronic Submission**

Re: FOIA Request

To whom it may concern:

This letter is a request by the American Civil Liberties Union of Massachusetts ("ACLUM") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents in the possession of the U.S. Department of Justice ("DOJ") and the U.S. Department of Defense ("DOD").[1]

The Immigration Court is a component of the Executive Office for Immigration Review, which is itself a component of DOJ. *See* 8 C.F.R. § 1003.0. The Immigration Court is staffed by Immigration Judges ("IJs"), as well as various administrative and clerical personnel. *See* 8 C.F.R. § 1003.10. Although referred to as "judges," IJs are executive branch employees ultimately subject to the direction and supervision of the Attorney General. *See, e.g.*, 8 C.F.R. 1003.1(h).

DOJ's regulations provide for the appointment of Temporary IJs ("TIJs"). *See* 8 C.F.R. § 1003.10(e). Until recently, those regulations required that TIJs possess certain prior experience, such as former IJs, DOJ attorneys with at least 10 years of legal experience in the field of immigration law, and current administrative law judges in other agencies. *See* 79 Fed. Reg. 39953 (2014). However, on August 28, 2025, DOJ removed those experience requirements from the regulation, and "any attorney" is now eligible to be a TIJ under DOJ's rules. *See* 90 Fed. Reg. 41883 (2025).

It has been widely reported that DOJ intends to appoint active duty military service members (including potentially activated reservists) as TIJs, and that DOD

[1] DOD has recently begun referring to itself as the "Department of War", although this is not its name under law. *Cf., e.g.*, 10 U.S.C. §§ 111(a) & 113 ("There is a Secretary of Defense, who is head of the Department of Defense . . . ."). This letter will refer to the Department as DOD in accordance with the law, and any such reference shall encompass and include any responsive records labeled as, generated by, received by, or otherwise associated with any organization calling itself the "Department of War."

has agreed to order up to 600 military service members to serve in that role.[2] Our understanding is that at least two military service members have already been ordered to the Immigration Courts in Massachusetts to serve as IJs or TIJs. The apparent use of active duty military personnel to control the domestic civilian population—including to order people to be jailed and potentially expelled from the country—raises a variety of grave legal concerns.[3]

ACLUM requests the following records. Unless otherwise specified, the timeframe for the request is May 1, 2025, until the present. Requests for records include all appended documents and attachments, including email attachments. Records should be produced in electronic format to the greatest extent possible. References to DOJ and DOD shall include their constituent agencies, offices, divisions, departments, and other components.

1. All contracts, memoranda of understanding ("MOUs"), and other agreements between DOJ and DOD concerning military personnel serving as IJs and/or TIJs;

2. All DOJ and DOD rules, policies, and procedures concerning military personnel serving as IJs and/or TIJs;

3. All records of any funding for military personnel serving as IJs and/or TIJs, including without limitation any records of transfers of DOJ funds to DOD for such orders, details, or assignments;

4. All letters, emails, text messages, and other correspondence sent or received by the Assistant Attorney General for Administration[4] and/or her office concerning military personnel serving as IJs and/or TIJs;

---

[2] "Pentagon authorizes up to 600 military lawyers to serve as temporary immigration judges," Konstantin Toropin, Associated Press, Sept. 2, 2025, https://apnews.com/article/pentagon-immigration-judges-trump-pete-hegseth-b07950833591270b926ad86ede8b961f.

[3] "Trump Administration Appoints Hundreds of Unqualified Military Lawyers to Serve as Immigration Judges," American Immigration Council, Sept. 5, 2025, https://www.americanimmigrationcouncil.org/blog/trump-appoints-military-lawyers-to-serve-as-immigration-judges/; "Using Military Lawyers as Immigration Judges Is Ill-Advised and Potentially Illegal," The Brennan Center for Justice, Sept. 29, 2025, https://www.brennancenter.org/our-work/analysis-opinion/using-military-lawyers-immigration-judges-ill-advised-and-potentially.

[4] ACLUM understands that the Assistant Attorney General for Administration is presently Assistant Attorney General Jolene Ann Lauria, who has held that position

5. All letters, emails, text messages, and other correspondence sent or received by the Director of the Executive Office for Immigration Review ("EOIR") and/or his office concerning military personnel serving as IJs and/or TIJs;

6. All letters, emails, text messages, and other correspondence sent or received by the Chief Immigration Judge and/or her office concerning military personnel serving as IJs and/or TIJs;

7. All letters, emails, text messages, and other correspondence sent or received by the Judge Advocates General of the Department of the Army, the Department of the Navy, and the Department of the Air Force, and/or their respective offices, concerning military personnel serving as IJs and/or TIJs;

8. All orders to military personnel to serve as IJs and/or TIJs, including without limitation any orders activating reserve personnel for such assignment;

9. All applications by any active or reserve military personnel to serve as IJs and/or TIJs;

10. The resume and curriculum vitae ("CV") for every IJ and TIJ assigned to an Immigration Court in Massachusetts from January 2025 to the present.

ACLUM is entitled to a fee waiver under the FOIA and the relevant regulations because ACLUM qualifies as a representative of the news media and because release of the records requested is in the public interest and not in any commercial interest of the requester.

ACLUM is entitled to a fee waiver because it is a representative of the news media as defined by the FOIA statute. Representatives of the news media include any organization "that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience," where "news" is defined as "information that is about current events or that would be of current interest to the public." 5 U.S.C. § 552(a)(4)(A)(ii).

ACLUM is a not-for-profit, non-partisan organization dedicated to the principles of liberty and equality. As the Massachusetts affiliate of the national ACLU, also a not-for-profit, non-partisan organization, ACLUM distributes

---

since 2023. *See* https://www.justice.gov/jmd/staff-profile/meet-assistant-attorney-general.

information both within and outside of Massachusetts. Gathering and disseminating current information to the public is a substantial component of ACLUM's mission and work. ACLUM publishes reports and other written materials that are disseminated to the public, including on its website and through internet sites such as Facebook, and Instagram. These materials are widely available to everyone, including tax-exempt organizations, not-for-profit groups, and institutions of higher learning at no cost. Accordingly, ACLUM is a representative of the news media within the meaning of the statute and is entitled to a fee waiver. *See Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *see also Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003).

ACLUM is further entitled to a waiver or reduction of fees because disclosure of the requested information is in the public interest, as it is likely to contribute significantly to public understanding of the operations or activities of the government and disclosure of the information is not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). This request seeks records that will inform the public's understanding of the government's policies and activities regarding immigration enforcement and military/civil affairs, matters of substantial public concern. As a not-for-profit organization dedicated to protecting the civil rights and civil liberties of all persons in Massachusetts, including those of noncitizens, ACLUM has no commercial interests in the requested information. ACLUM therefore is entitled to a fee waiver or reduction of fees based on the public's interest in disclosure of the documents requested herein. *See Long v. Dep't of Homeland Sec.*, 113 F. Supp. 3d 100, 107 (D.D.C. 2015) ("The Court has little difficulty concluding that information about enforcement of our immigration laws would be of interest to the public.").

To the extent you contend that any of the requested records are exempt from disclosure, we ask that you justify all asserted exemptions by reference to specific provisions of the FOIA. Please release all segregable portions of otherwise exempt material. We reserve all rights to appeal or otherwise contest any decision to withhold any information or to deny a waiver of fees.

We look forward to your reply to our request within twenty (20) business days, as required by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Thank you for your prompt attention to this matter.

Sincerely,

*/s/ Daniel L. McFadden*

Daniel L. McFadden
Managing Attorney
ACLU Foundation of Massachusetts
dmcfadden@aclum.org