**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>Defendant. | C.A. No. 26-13447-PBS |

**PLAINTIFF'S MOTION TO EXPEDITE BRIEFING SCHEDULE FOR MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

The American Civil Liberties Union of Massachusetts, Inc. ("ACLUM") respectfully requests that the Court enter an order expediting the briefing deadlines for its motion for partial summary judgment, filed herewith.

Specifically, ACLUM requests that U.S. Department of Defense ("DOD") be ordered to file any opposition or other response to the motion within 14 days, rather than the 21 days ordinarily permitted by Local Rule 56.1. ACLUM proposes a corresponding seven-day reduction in its own reply deadline, from the 14 days permitted by the rule to seven. DOD's opposition would thus be due on Friday, August 28, and ACLUM's reply on Friday, September 4. If the Court decides to hold a hearing on the motion, ACLUM is available throughout the month of September at the Court's convenience.

There are multiple reasons to expedite resolution of this motion.

First, the motion for partial summary judgment is very narrow in scope. It targets three key policy documents that are in DOD's custody and that have already been identified, collected, and segregated for review. The motion therefore only requires DOD to take a position on the

release of three documents. ACLUM's FOIA request does seek other materials that are not addressed in this motion, but DOD will separately have the opportunity to develop its position on the search, collection, processing, and release of such materials as the case progresses. That will of course take some time, and likely consultation between parties, but there is no reason to delay the release of these three key policy documents which have already been identified and collected.

Second, the three requested records do not appear to present any complex issues of law or fact that would require a lengthy briefing process. One record is a memorandum of understanding between DOD and the Department of Justice ("DOJ") regarding detailing Temporary Immigration Judges. The other two appear to be DOD's internal policies regarding the same program. DOD has never asserted any FOIA exemptions over these records, and none appear to apply. It does not appear that expediting briefing by one week will create any undue burdens on DOD or opposing counsel.

Third, there is a pressing need for public information concerning this program. Immigration Judges, including Temporary Immigration Judges, exercise extraordinary authority to determine the rights and liberty of countless people arrested inside the United States.[1] It is well documented that DOJ has removed many civilian Immigration Judges from the Immigration Courts.[2] At the same time, there is strong evidence that this DOD/DOJ program is being used to substitute active-duty military personnel into those same Immigration Courts to sit as Temporary

---

[1] *See, e.g.*, 8 U.S.C. § 1226(a) (authority to order continued detention pending deportation proceedings); *id.* § 1229a(a) (authority to decide deportability), (c)(4) (relief from deportation); *id.* § 1101(a)(47) (issue removal orders).

[2] *See, e.g.*, Nicholas Nehamas et al., *How Trump Purged Immigration Judges to Speed Up Deportations*, N.Y. Times (updated Apr. 13, 2026), https://www.nytimes.com/2026/04/09/us/politics/trump-miller-immigration-judges-purge.html.

Immigration Judges.[3] Indeed, within the last three weeks, DOJ reportedly removed yet another longtime civilian Immigration Judge from the Immigration Courts in Massachusetts, and then substituted in two military Temporary Immigration Judges just two days later.[4]

The apparent use of active-duty military personnel to decide the rights and freedom of people arrested inside the United States raises profound legal and constitutional questions.[5] It is therefore important that the public receive immediate information about the operation and parameters of this program, including how exactly these military personnel are being assigned these duties, what exactly they are being instructed to do, whether restrictions, pressures, or influences exist that might impair their impartiality and independence,[6] and how they are being evaluated and based on what criteria.[7]

---

[3] Declaration of Daniel L. McFadden, Exs. K (internal solicitation for USMC personnel to accept Active Duty Operational Support ("ADOS") orders for service as TIJs), L (internal solicitation for active-duty and other Army personnel to accept assignments as TIJs). ADOS orders are a program for "temporary active-duty opportunities," during which the servicemember will "receive full active duty pay and benefits." *See* "Active Duty Operation Support Orders (ADOS Orders)," Marine Corps Reserve, (last accessed Aug. 14, 2026), https://www.marforres.marines.mil/Staff-Sections/General-Staff/G-1-Administration/Active-Billets/Find/ (under "What is ADOS" tab).

[4] *Compare* Rachell Sanchez-Smith & Stephanie Brown, *Another longtime immigration judge no longer at Boston court*, WBUR (July 27, 2026), https://www.wbur.org/news/2026/07/27/boston-immigration-judge-omalley-firings, *with* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., *EOIR Announces Regional Deputy Chief Immigration Judge, Administrative Law Judge, 37 Immigration Judges, and 4 Temporary Immigration Judges* 13-14 (July 29, 2026), https://www.justice.gov/eoir/media/1454626/dl?inline [hereinafter July 2026 EOIR Announcement] (announcing appointment of Kai V. Bernal-LeClaire, Commander, U.S. Navy Reserve and Terry M. Meinecke, Lieutenant Colonel, U.S. Army).

[5] *See, e.g.*, Steven J. Lepper, *Hypothetical Legal Review on Judge Advocates Serving as Immigration Judges*, Just Sec. (Dec. 16, 2025), https://www.justsecurity.org/126460/olc-memo-judge-advocates-immigration-judges/.

[6] *See* 8 C.F.R. § 1003.10(b).

[7] *See, e.g.*, U.S. Government Accountability Office, Military Officer Performance: Actions Needed to Fully Incorporate Performance Evaluation Key Practices *(GAO-25-106618)* 5-10 (Nov. 2024),

Access to this information is not only important to the public at large, but it is also of course particularly important for the people (and their counsel) whose cases are being heard by military Temporary Immigration Judges *today*. In Massachusetts alone, there appear to be five military Temporary Immigration Judges currently hearing cases.[8] It is critically important that people appearing before military Temporary Immigration Judges, and their lawyers, have access to the information necessary to determine, for example, whether to inquire about or move for recusal, whether to challenge the legality and validity of orders entered in the proceeding or of the proceeding as a whole, and whether to preserve any related arguments for presentation in Petitions for Review that will be heard by a U.S. Court of Appeals.

Accordingly, ACLUM respectfully moves for an order expediting briefing on its motion for partial summary judgment by seven (7) days for DOD's opposition and ACLUM's reply, such that DOD's opposition will be due on August 28, and Plaintiff's reply will be due on September 4.

Dated: August 14, 2026 Respectfully submitted,

---

https://www.gao.gov/assets/gao-25-106618.pdf (describing military performance review practices). As noted in the cited document, "[a]ccording to service policies, the military services' officer performance evaluation reports provide the primary source of information to support selection of the best qualified officers for promotion, career designation, retention, schooling, and command and duty assignments." *Id.* at 34 (under heading "Performance Evaluation Reports Directly Inform Officer Promotion Determination"). The content of these evaluations and fitness reports, and the criteria used to prepare them, thus potentially comprise a potent source of external pressure on military personnel assigned to TIJ duties.

[8] In addition to the two appointed in July, *see* July 2026 EOIR Announcement, *supra*, n.4, at 13-14, the other three appear to be: Sujata Rodgers, Jason Thomas, and Jared J. Monaco. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., *EOIR Announces 11 Immigration Judges and 25 Temporary Immigration Judges* (Oct. 24, 2025), https://www.justice.gov/eoir/media/1415981/dl?inline=; Dep't of Just., Exec. Off. for Immigr. Rev., *EOIR Announces 77 Immigration Judges and 5 Temporary Immigration Judges* Biographical Information (May 21, 2026), https://www.justice.gov/eoir/media/1441406/dl?inline.

*/s/ Julian Bava*

Jessie J. Rossman (BBO #670685)
Daniel L. McFadden (BBO #676612)
Julian Bava (BBO #712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org
jbava@aclum.org

*Counsel for Plaintiff*

**L.R. 7.1 CERTIFICATION**

I hereby certify that counsel for Plaintiff conferred with counsel for the government in a good faith effort to narrow or resolve the relief requested in this motion. No counsel has yet appeared in this case for the government. Counsel for Plaintiff conferred with a representative for the U.S. Attorney's Office for the District of Massachusetts. That attorney indicated that the government will likely oppose this motion.

Date: August 14, 2026

*/s/ Julian Bava*
Julian Bava

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a copy of the foregoing document will be served on all registered participants through the Court's CM / ECF system. No counsel has yet appeared for the government. A copy of the foregoing document will therefore also be served on the U.S. Attorney's Office for the District of Massachusetts by electronic mail.

Date: August 14, 2026

*/s/ Julian Bava*
Julian Bava